IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IN THE MATTER OF: ) | |
| ) | |
| M & M MARKETING, L.L.C. and ) | |
| PREMIER FIGHTER, L.L.C., ) | |
| ) | CASE NO. BK09-81458-TJM |
| Debtor(s). ) | A11-8096-TJM |
| MICHAEL BLUMENTHAL, ) | |
| ) | |
| Plaintiff, ) | CHAPTER 7 (involuntary) |
| ) | |
| RICHARD D. MYERS, Chapter 7 Bankruptcy ) | |
| Trustee of M & M Marketing, L.L.C. and ) | |
| Premier Fighter, L.L.C., ) | |
| ) | |
| Intervenor-Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| JERRY CRONK; CHERYL CRONK; ) | |
| JEROME LANGDON; COLEEN ) | |
| LANGDON; PHILLIP CRONK; LORRAINE ) | |
| CRONK; RONALD CRONK; RYAN CRONK; ) | |
| and HEATHER ANSELMO, ) | |
| ) | |
| Defendants. ) | |

## ORDER

This matter is before the court on the Cronk and Langdon defendants' motion to alter or amend the court's order on their motion for summary judgment (Fil. No. 67) and request for hearing (Fil. No. 73). W. Patrick Betterman and Lindsay E. Pedersen represent the bankruptcy trustee, and Richard A. DeWitt, Robert M. Gonderinger, and David J. Skalka represent the Cronk and Langdon defendants. Evidence and briefs were filed and the motion is now ready for decision.

As a threshold matter, the request for hearing is denied. The substantive issues raised are of a legal nature, and the parties have done an exceptionally thorough job of briefing the nuances of their arguments. Accordingly, a hearing on the motion would not be of further benefit to the court and would create an additional burden for the parties.

The motion to alter or amend will be granted as to the statement in the order regarding the presumption of a Ponzi scheme, and denied as to the applicable standard of good faith.

This adversary proceeding concerns the bankruptcy trustee's claims of fraudulent transfers from the debtors to the defendants. The court denied the defendants' motion for summary judgment on the trustee's claim under the Nebraska Uniform Fraudulent Transfer Act ("NUFTA"), concluding that the issue of whether the defendants acted in good faith is a material factual issue.

The movants take issue with two conclusions in the summary judgment order. First, they argue that the court applied the wrong definition of good faith. The movants argue that the Nebraska Supreme Court imposes a subjective intent-based good faith standard under the state fraudulent transfer act, so this court erred in applying an objective "knew or should have known" standard that is used in cases brought under the Bankruptcy Code's fraudulent transfer provision.

The movants rely on Gifford-Hill & Co. v. Stoller, 380 N.W.2d 625, 630 (1986)): "'Good faith,' among other characteristics, encompasses an absence or freedom from intent to defraud. . . . Consequently, good faith and fraud are mutually exclusive terms; the presence of one excludes the existence of the other in the same subject."

The Gifford-Hill case was decided under Nebraska's old fraudulent conveyance law, which was a predecessor to NUFTA. The Nebraska Supreme Court applied the same definition under the Nebraska Uniform Fraudulent Conveyance Act, and, according to the defendants, the Unicameral adopted the same standard when enacting NUFTA. There are no reported decisions in which the Nebraska courts apply this or any other definition of good faith to cases under NUFTA. For that reason, this court studied cases decided in other jurisdictions which interpreted the phrase under the same provision of UFTA. The official commentary to the relevant section of UFTA also indicates that it was adapted from the fraudulent transfer section of the Bankruptcy Code, so the court also relied upon caselaw under that section in reaching its decision. The good-faith standard propounded by the defendants is a minority position. Absent guidance from a Nebraska state court interpreting good faith specifically under NUFTA, the court is inclined to rely on the broader spectrum of caselaw applying the objective "knew or should have known" standard.

The second matter raised by the defendants is their opposition to the court's statement that the defendants concede that the debtors' controlling person used the debtors to operate a Ponzi scheme. That statement admittedly overstates the defendants' position. What the defendants actually acknowledged is that

> [f]or purposes of summary judgment, it must be presumed that the Trustee will be able to present evidence supporting an actual fraud claim by showing the payments made by M & M and Premier to Defendants were made (by Anselmo) with actual intent to defraud a creditor of M & M or Premier, as it is clear that at some point Anselmo began operating a Ponzi scheme through M & M and Premier[.]

The overly broad finding in the order is hereby withdrawn. The plaintiff is not entitled to a presumption of intent to defraud based on the existence of a Ponzi scheme. That will be an issue for trial.

      IT IS ORDERED: The Cronk and Langdon defendants' request for hearing (Fil. No. 73) is denied. Their motion to alter or amend the court's order on their motion for summary judgment (Fil. No. 67) is granted to the extent of withdrawing the presumption of the existence of a Ponzi scheme, and is denied as to the issue of the appropriate standard of good faith. The parties shall file a joint preliminary pretrial statement on or before May 1, 2013.

      DATED:      March 25, 2013

                                      BY THE COURT:

                                      /s/ Timothy J. Mahoney
                                      United States Bankruptcy Judge

Notice given by the Court to:
    W. Patrick Betterman
    Lindsay E. Pedersen
    *Richard A. DeWitt
    *Robert M. Gonderinger
    *David J. Skalka
    U.S. Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.